RUBERT HERMANOS *v.* PEOPLE OF PORTO RICO ET AL.

APPEAL from the District Court of Arecibo.

Motion to strike out the statement of the case and to dismiss the appeal.

No. 888.—Decided November 7, 1912.

PROCEDURE—APPLICATION FOR EXTENSION OF TIME—EX PARTE PROCEEDINGS.—
An application for an extension of time is not a motion which may be considered as wholly comprised within the provisions of sections 317 and 323 of the Code of Civil Procedure and of Rule 4 of the District Courts and the same is of such a nature that on many occasions it is necessary to make it *ex parte.*

ID.—STATEMENT OF THE CASE—DELIVERY OF DOCUMENT TO SECRETARY AT HIS PRIVATE RESIDENCE.—In the case at bar the statement of the case was delivered to the secretary of the District Court of Arecibo at his private residence at 10 o'clock on the night of the day on which the extension of time granted to the party appellant for filing the same expired, and said statement of the case was filed in the office of the secretary of the court on the following day. On the day before that on which the extension of time granted expired, the appellants applied for a further extension and the court refused to grant it on the same day that the other expired. The appellants resided outside of the district of Arecibo, and by making extraordinary efforts they sent the statement of the case to Arecibo, but their messenger was unable to reach there until the night of the day on which the period of extension expired. The appellants delivered a copy of the statement of the case to the appellees on the afternoon of the aforesaid day. *Held:* That considering the attendant circumstances and that a draft of a statement of the case does not immediately form part of the record, but must first be approved by the trial judge with the intervention of the interested parties, the draft in the case at bar was filed in time and could be admitted and approved by the trial judge, as it was.

ID.—COMPLETION OF STATEMENT OF THE CASE—DISCRETION OF COURT.—A trial judge to whom a draft of a statement of the case is presented has the discretional power to order, on his own motion or on request of any of the parties, that the statement of the case be completed by the addition of a recital of the evidence introduced at the trial and omitted in the statement of the case.

APPEAL—JURISDICTIONAL QUESTIONS.—*Held:* That the questions raised in a motion of the appellee to strike out the statement of the case and to dismiss the appeal have not the character of jurisdictional questions.

The facts are stated in the opinion.
*Mr. J. Henri Brown* for petitioner.

*Messrs. Alvarez Nava and Domínguez* for adverse party.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A motion was filed by the respondents asking that the statement of the case and the bill of exceptions which the appellants filed in this court be stricken from the files, and that the appeal be dismissed as a consequence thereof.

The motion to strike from the files is based on the following grounds:

1. That the extensions of time granted for filing the bill of exceptions were granted without notice to the adverse party;

2. That the bill of exceptions having been presented to the secretary of the district court at his home at 10 p. m., on January 17, 1912, the filing and entry thereof were not effected within the extension of time granted;

3. That the bill of exceptions and statement of the case filed do not conform to the requisites of section 299 of the Code of Civil Procedure; and

4. That the so-called supplement to the statement of the case was introduced without having first been filed with the secretary of the court and not within the time allowed.

As may be seen, this case involves no real question of jurisdiction. The appeal was filed in due time and in proper form. All the questions raised refer to the statement of the case filed with and approved by the trial judge after the appeal was taken.

Let us review the first one. An application for an extension of time is not a motion which may be considered as comprised entirely within the provisions of sections 317 and 323 of the Code of Civil Procedure and rule 4 of the District Court of Arecibo, but it is of such a nature that in many instances it is necessary to make it *ex parte.* In deciding this the court decides none of the questions involved in the litigation. Moreover, should the adverse party consider himself aggrieved by the granting of an unreasonable or excessive extension of time he may petition the court to reconsider and annul the order granting it.

Let us examine the second. There is no question whatever in regard to the fact that the statement of the case was delivered to the secretary of the district court by the appellants before 12 p. m. of January 17, 1912, and, therefore, within the time granted by the court. The question raised is that the statement of the case was de'ivered to the secretary but was not filed in his office on January 17, when the extension of time expired, it not having been so filed until the following day.

It appears to be demonstrated sufficiently that an application for a further extension of time for the filing of the statement of the case was made by the appellants to the district court on January 16, 1907, which extension was denied on the 17th, on which day the extension previous'y granted expired. That the appellants, who reside in San Juan, then served the respondents with a copy of the statement of the case at 2.40 p. m. of the 17th, and, by making extraordinary efforts, sent the original to Arecibo, the messenger finding it impossible to reach that city until the night of said day.

All the circumstances of the case being considered as well as the nature of the delivery of a draft of the statement of the case, which according to the law interpreted generally and to jurisprudence, does not become a part of the record immediately and not until it be sent to the trial judge by the secretary himself and is approved by him with the intervention of all the parties in interest, the conclusion necessarily is reached that the draft was filed in time and that it could have been admitted and approved by the trial judge, as it was in this case.

Let us examine the third. The fact that the draft filed on January 17 was defective is no reason why a motion to strike it from the files should now be filed if, as will be seen hereafter, it was amended by the inclusion of all the evidence introduced.

Let us examine the fourth and last question raised. It

seems that after the draft delivered on January 17 was in the hands of the trial judge a supplement thereto was filed by the appellants and admitted by the judge over the objection of the respondent.

We do not consider the filing of the statement of the case in fractional form to be good practice, but we believe that the trial judge had discretionary power, of which he made use in admitting the so-called supplement. The statement of the case was already in the hands of the judge and he had power, either on his own motion or at the request of any of the parties, to enter an order requiring the same to be completed by the addition of all the evidence introduced at the trial.

The question raised by the appellants having been thus decided we cannot accede to their petition to strike from the files the statement of the case and bill of exceptions of the appellants and much less to dismiss the appeal interposed.

The motion should be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.